# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 08-CR-1324-LRR |
| vs. | |
| AGRIPROCESSORS, INC., SHOLOM RUBASHKIN, BRENT BEEBE, HOSAM AMARA and ZEEV LEVI, | **ORDER** |
| Defendants. | |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Sholom Rubashkin's Motion to Dismiss Indictment ("Motion") (docket no. 212).

## *II. RELEVANT PRIOR PROCEEDINGS*

On January 30, 2009, Defendant Rubashkin filed the Motion. On February 17 and 20, 2009, respectively, Defendants Agriprocessors, Inc. and Brent Beebe filed Joinders (docket nos. 333 & 358) to the Motion. On February 20, 2009, the government filed a Resistance (docket nos. 360 & 372). On February 24, 2009, Defendant Rubashkin filed a Reply (docket no. 368).

On February 23, 2009, the court held a hearing ("Hearing") on the Motion. Attorneys Guy R. Cook and F. Montgomery Brown represented Defendant Rubashkin. Attorney James A. Clarity, III represented Defendant Agriprocessors, Inc. Attorney Raphael M. Scheetz represented Defendant Beebe.

At the Hearing, the court received evidence and heard argument on the Motion. The court reserved ruling on the admissibility of various documentary exhibits. *See* Exhibit & Witness List (docket no. 371), at 1 (reflecting that the court only formally received Defendant Rubashkin's Exhibit B). The court now overrules the parties'

remaining objections and formally receives into evidence Government Exhibits 1 through 14, and 101, as well as Defendant Rubashkin's Exhibits A, C, and E through J.

The court finds the Motion is fully submitted and ready for decision.

### III. ANALYSIS

In the Motion, Defendants Rubashkin, Agriprocessors, Inc. and Beebe ask the court to Dismiss the Fourth Superseding Indictment (docket no. 177), pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fifth and Fourteenth Amendments to the United States Constitution. Defendants opine that "the grand jury process was infected by improper comment and consideration of religion, race, and anti-Semitism." Brief in Support of Motion (docket no. 212-2). Defendants cite various comments and questions of grand jurors and grand jury witnesses as evidence of the grand jury's bias. The government resists the Motion in its entirety.

The law places a very high hurdle before Defendants. "The law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority." *United States v. R. Enters., Inc.*, 498 U.S. 292, 300 (1991). In other words, "[t]he proceedings of a grand jury are afforded a strong presumption of regularity . . . ." *United States v. Exson*, 328 F.3d 456, 459 (8th Cir. 2003); *see also United States v. Mechanik*, 475 U.S. 66, 75 (1986) (O'Connor, Brennan & Blackmun, JJ., concurring in the judgment) ("The grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities . . . ."). "Dismissal of an indictment based on grand-jury bias is an extreme remedy, and [a defendant] seeking relief carries a heavy burden." *United States v. Two Eagle*, 318 F.3d 785, 793 (8th Cir. 2003).[1] The Eighth Circuit Court of Appeals has also stated that "[a]

---

[1] The Supreme Court has gone so far as to state that "[n]othing could be more destructive of the workings of our grand jury system or more hostile to its historic status" than placing the burden upon the government to prove the regularity of the grand jury's
(continued…)

grand jury indictment will only be dismissed upon a showing of actual prejudice to the accused." *United States v. Ziesman*, 409 F.3d 941, 948 (8th Cir. 2005); *Two Eagle*, 318 F.3d at 793.

The court finds Defendants have not met their heavy burden. The court empaneled this grand jury and charged it to set aside any private prejudices and only return indictments against those persons whom it found probable cause to believe had committed a federal crime. The court finds no credible, unbiased or competent evidence to show the grand jury violated its solemn oath.

Without divulging the specifics of the statements and questions at issue, it is the court's firm conviction that there was no impropriety in these grand jury proceedings. Simply put, Defendants have mischaracterized and taken out of context what are in truth innocuous statements and questions. It is also worth pointing out that many of the challenged statements were uttered by grand jury *witnesses*, not grand jury *members*. The court is unwilling to impute the statements or beliefs of grand jury witnesses to all of the grand jury members.

The court did not credit the testimony of Defendants' live witness, Ms. Patricia Kuehn, M.A., J.D. The government's cross-examination of Ms. Kuehn was highly effective in that it exposed flaws in her reasoning, as well as her deep unfamiliarity with the federal grand jury process. For example, Ms. Kuehn did not even know how to define probable cause, the quantum of evidence a grand jury must possess to validly return an indictment against a target of an investigation. Ms. Kuehn erroneously equated the probable cause standard with the preponderance of the evidence standard.

Accordingly, the court declines to dismiss any of the charges against Defendants Rubashkin, Agriprocessors, Inc. or Beebe.

---

[1](…continued)
proceedings. *United States v. Johnson*, 319 U.S. 503, 513 (1943).

3

## *IV. CONCLUSION*

The Motion (docket no. 212) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 6th day of March, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA